UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN MANUEL SILVA, | ) | Civil No. 12-CV-1314 LAB (NLS) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION FOR ORDER DENYING MOTION TO DISMISS** |
| v. | ) | |
| MATTHEW CATE, and KAMALA D. HARRIS, | ) | |
| Respondents. | ) | (Dkt. No. 17.) |

Petitioner John Manuel Silva ("Petitioner"), a prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus on May 22, 2012.[1]  (Dkt. No. 1.)  After the petition was dismissed for failure to sign and failure to allege exhaustion of state judicial remedies for at least one of his claims, Petitioner filed a first amended petition on November 19, 2012.  (Dkt. No. 12.)  Respondents now move to dismiss the first amended petition on the basis that the statute of limitations for seeking habeas relief has passed, and therefore the amended petition is untimely.  (Dkt. No. 17.)  Petitioner opposes.  (Dkt. No. 20.)  For the reasons set forth below, this Court **RECOMMENDS** that the motion be **DENIED**.

///

---

[1]A petition for a writ of habeas corpus is deemed filed on the day that it is delivered to prison authorities for mailing to the court. *See Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

# I.   FACTUAL AND PROCEDURAL BACKGROUND

## A.   Factual Background

This motion is predicated on a procedural issue; therefore, the facts underlying Petitioner's conviction are irrelevant.  Briefly, Petitioner was convicted by a jury on thirteen counts of committing a lewd act upon a child.  (Lodgment 1 at 230-233.)  He was sentenced to eighty-seven years to life.  *Id.* at 290-91.

## B.   Procedural Background

Petitioner was convicted on March 20, 2009, and sentenced on May 8, 2009.  *Id.* at 230-33, 290-91.  He filed a direct appeal in the California Court of Appeal, and his conviction was affirmed on June 23, 2010.  (Lodgment 4.)  Petitioner then filed a petition for review in the California Supreme Court, which was denied on September 1, 2010. (Lodgment 6.)

On July 25, 2011, Petitioner filed a state petition for a writ of habeas corpus in the San Diego Superior Court.  (Lodgment 7.)  The petition was denied on September 22, 2011.  (Lodgment 8.)  He filed a habeas corpus petition in the California Court of Appeal on November 19, 2011,[2] which was denied on January 6, 2012.  (Lodgments 9 and 10.) On January 23, 2012, he filed a petition in the California Supreme Court, which was denied on May 16, 2012.  (Lodgments 11 and 12.)

On May 22, 2012, Petitioner filed a federal petition for a writ of habeas corpus in this Court.  (Dkt. No. 1.)  He subsequently filed a motion for leave to proceed *in forma pauperis*.  (Dkt. No. 2.)   On June 25, 2012, the Hon. Larry Alan Burns issued an Order granting Petitioner's motion for leave to proceed *in forma pauperis*, but dismissing the case without prejudice because Petitioner did not sign the petition and did not allege exhaustion of all of his claims.  (Dkt. No. 3.)  That Order mistakenly directed Petitioner to pay the filing fee, in contravention of the earlier part of the Order that granted his request to proceed *in forma pauperis.  Id.* at 3.  The Order granted Petitioner leave to

---

[2]There is no "filed" stamp on this petition, so this Court relies on its mailing date. (Lodgment 9.)  Respondents state that this petition was filed on December 7, 2011, but it is unclear where this date comes from.  (Dkt. No. 17-1 at 2.)

amend his petition, and the Clerk of Court was directed to provide Petitioner with a blank first amended petition form.  *Id.* at 3-4.  The deadline for Petitioner to amend his petition and pay the fee was August 14, 2012.  *Id.* at 3.

On August 29, 2012, this Court received and filed Petitioner's notice of a change of address, which also asked for an update on his case.  (Dkt. No. 4.)  The following week, this Court entered an Order *sua sponte* substituting the Respondent in this action as a result of Petitioner's transfer to Ironwood State Prison.  (Dkt. No. 5.)

On October 1, 2012, the Court received a letter from Petitioner.  (Dkt. No. 7.)  He stated that he did not receive the Court's dismissal Order until September 26, 2012 (the date of the letter).  *Id.* at 1.  Petitioner expressed confusion as to why he was being directed to pay the filing fee when he had been granted *in forma pauperis* status, and stated that he did not receive this information until over a month after the August 14, 2012, deadline had passed.  *Id.* at 2-3.  This submission was construed as a motion to extend time to file an amended petition.  (Dkt. No. 7; Dkt. No. 9 at 2.)  Petitioner paid the $5.00 filing fee.  (Dkt. No. 8.)

On October 12, 2012, Judge Burns acknowledged the Court's error in the part of the dismissal Order that directed payment of the filing fee, and granted Petitioner a forty-five day extension of time to file an amended petition.  (Dkt. No. 9 at 2.)  This was "[d]ue the confusing information given to Petitioner and because Petitioner did not receive the Court's June 26, 2012 Order until the time to file an Amended Petition had passed[.]"  *Id.*  The Court also directed that the $5.00 filing fee be refunded and that Petitioner be mailed a blank first amended petition form.  *Id.* at 2-3.  Petitioner filed his first amended petition on November 19, 2012.  (Dkt. No. 12.)

Respondents now move to dismiss, arguing that the statute of limitations for Petitioner to seek habeas relief has passed.  (Dkt. No. 17.)  Petitioner filed a submission that this Court construed as a response to the motion.  (Dkt. Nos. 20 and 21.)

## II.   AEDPA STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs

12-CV-1314 LAB (NLS)

this petition.  *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).  AEDPA imposes a one-year period of limitation on petitioners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). The relevant section reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted in Section I.B above, the petition for review for Petitioner's direct appeal of his conviction was denied September 1, 2010.  (Lodgment 6.)  Accordingly, Petitioner's conviction became final on November 30, 2010, the date his right to seek relief from the United States Supreme Court expired.  *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999).  Absent any tolling, Petitioner's deadline to seek federal habeas relief was 365 days later, on November 30, 2011.

**A.    Statutory Tolling**

A petitioner's statute of limitations is tolled while a properly filed state habeas corpus petition is "pending" in the state courts.  28 U.S.C. § 2244(d)(2).  Additionally, petitions for state habeas relief may be deemed pending "even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Duncan*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 536 U.S. 214, 223-25 (2002).  In the absence of a clear indication that a petition filed at the next level was timely, a federal court must examine

the case and determine whether the petition was filed within what California courts would

consider a "reasonable time." *Evans v. Chavis*, 546 U.S. 189, 198 (2006). A period of

thirty to sixty days is reasonable, while a 6-month unexplained delay will likely be

deemed "unreasonable." *Id.* at 201. The statute of limitations is not tolled by

proceedings in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

After his conviction became final, Petitioner filed a state habeas corpus petition in

San Diego Superior Court on July 25, 2011. (Lodgment 7.) At that point, 237 days of

the statute of limitations period had elapsed. The Superior Court state habeas petition

was denied on September 22, 2011. (Lodgment 8.) Petitioner filed his next state habeas

petition, in the California Court of Appeal, on November 19, 2011. (Lodgment 9.) There

was a fifty-eight day gap in between the denial of the first state habeas petition and the

filing of the second state habeas petition. As noted above, thirty to sixty days is

considered a reasonable time to file a state habeas petition at the next level, and therefore

Petitioner is entitled to gap tolling for that period.

The petition in the California Court of Appeal was denied on January 6, 2012, and

Petitioner timely filed a state habeas petition in the California Supreme Court on January

23, 2012. (Lodgments 10 and 11.) Under *Evans,* Petitioner is also entitled to gap tolling

for that period. The California Supreme Court petition was denied on May 16, 2012, and

there were 128 days left to file a federal habeas petition at that point. (Lodgment 12.)

Petitioner filed his petition in federal court on May 22, 2012, six days later and within the

statute of limitations. (Dkt. No. 1.) It was dismissed on June 25, 2012. (Dkt. No. 3.) The

statute of limitations expired on September 21, 2012. Petitioner filed his first amended

petition on November 19, 2012, fifty-nine days after the statute of limitations expired.

(Dkt. No. 12.) Therefore, statutory tolling does not cover the entire period necessary to

make the first amended petition timely.[3]

---

[3]Petitioner filed a second state habeas petition in Superior Court on July 27, 2012. (Lodgment 13.) This petition was denied on September 13, 2012, on the sole basis that it was a successive petition. (Lodgment 14.) A successive state habeas petition is not considered "properly filed" under § 2244(d), and therefore cannot be used when

1

**B.    Equitable Tolling**

2        The one-year limitations period under AEDPA is also subject to equitable tolling.

3   *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2554 (2010).  Petitioner bears the burden

4   to prove that equitable tolling is appropriate, and must establish that (1) he has been

5   pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way

6   of timely filing a petition.  *Id.* at 2562*; Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005);

7   *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).  The

8   determination of whether a petitioner is entitled to equitable tolling is "highly fact-

9   dependent." *Id.*, *citing Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).

10        Petitioner claims that he did not receive the Court's Order dismissing his case until

11   September, and points out that the Order granted him leave to proceed *in forma pauperis*,

12   yet demanded the filing fee.  (Dkt. No. 20 at 2-3; *see also* Dkt. No. 7.)  By the time

13   Petitioner received the dismissal order, both the deadline to amend the complaint and the

14   statute of limitations had passed.  "When external forces, rather than a petitioner's lack of

15   diligence, account for the failure to file a timely claim, equitable tolling may be

16   appropriate."  *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002) quoting *Miles v. Prunty*,

17   187 F.3d 1104, 1107 (9th Cir. 1999).  This Court finds that the delay in receiving the

18   dismissal Order, as well as the contradictory nature of the Order itself, amounts to an

19   external force that prevented Petitioner from timely re-filing his petition.

20        Petitioner also showed diligence in pursuing his petition.  He wrote to inform the

21   Court about his change of address, and he also inquired about his case and asked for an

22   update.  (Dkt. No. 4.)  Upon receiving the Court's dismissal Order, he wrote immediately.

23   (Dkt. No. 7.)  As a result of Petitioner's delayed receipt of the dismissal Order, Judge

24   Burns allowed Petitioner additional time to amend his petition.  (Dkt. No. 9.)  Petitioner

25   then filed his first amended petition within the time allotted.  (Dkt. No. 12.)

26

27   calculating statutory tolling.  *See Allen v. Siebert*, 552 U.S. 3 (2007) (untimely petition
for state post-conviction relief was not properly filed under § 2244(d)(2) and therefore

28   the petitioner was not entitled to statutory tolling) and *In re Clark*, 5 Cal. 4th 750, 770
(1993) (a successive petition is by its nature a delayed petition).

In light of Petitioner's delay in receiving the Court's dismissal Order, the confusing nature of the Order itself, and his demonstrated diligence, this Court finds that Petitioner is entitled to equitable tolling for the period from the dismissal of his petition to the filing of his amended petition.  Therefore, the first amended petition is timely.

## III.   CONCLUSION AND RECOMMENDATION

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Respondents' motion to dismiss the first amended petition be **DENIED.**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **April 17, 2013,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 1, 2013.**  The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  March 28, 2013

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court