1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  JOHN MANUEL SILVA,                         CASE NO. 12-CV-1314 LAB (NLS)

12                            Petitioner,      **ORDER ADOPTING REPORT
                                               AND RECOMMENDATION AND**
          vs.                                  **DENYING FIRST AMENDED**
13                                             **PETITION FOR WRIT OF**
                                               **HABEAS CORPUS**
14  MATTHEW CATE, and KAMALA D.
15  HARRIS,

16                            Respondents.

17

18        In 2009, Silva was convicted of molesting his niece, two nephews, and a

19  neighborhood boy, and was sentenced to 87 years to life in prison.

20        On November 19, 2012, he filed a habeas petition, asserting three claims of

21  ineffective assistance of counsel and one claim of prosecutorial misconduct.  The petition

22  was referred to Magistrate Judge Stormes for a Report & Recommendation ("R&R") pursuant

23  to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and (d).  Judge Stormes has issued her

24  R&R, recommending that the petition be denied in its entirety.  The R&R and Silva's

25  objections to it are now before the Court.

26        About Silva's objections, the R&R was issued on March 28, 2014, and it set a

27  deadline of April 25, 2014 for objections.  (Doc. No. 44.)  On or around April 25, Silva filed

28  a motion for more time, and the Court gave him an additional month.  (Doc. Nos. 46–47.)

Silva subsequently asked for even more time, and the Court gave it to him.  (Doc. Nos. 49, 51.)  Around May 27, Silva actually filed an objection.  (Doc. No. 50.)  The Court assumes that Silva's second request for more time was really just a request that the Court accept his objection, which he may have filed just after the first extension had passed.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). See also 28 U.S.C. § 636(b). If no objection is made, however, this de novo determination isn't required. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc). Because Silva is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

Silva's first claim is that his counsel was ineffective for failing to obtain an expert witness to rebut the expert witness for the prosecution.  This claim is **DENIED**.  As the R&R explains, when the prosecution sprung an expert witness on the defense, the trial court continued the trial to allow Silva's counsel the opportunity to retain a rebuttal expert.  He was unable to, and Silva indicated a desire to proceed with trial anyway rather than seek another continuance.  In addition, Silva's counsel argued that the testimony of the prosecution's expert should be excluded, and when that failed counsel cross-examined him at length. Silva's claim now seems to be that his counsel *could* have found an expert, and that expert *could* have provided valuable testimony, but these are precisely the kinds of "vague and speculative assertions" that don't rise to the level of a *Strickland* violation.  *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001); *United States v. Taylor*, 802 F.2d 1108, 1119 (9th Cir. 1986).  The state court's finding that counsel's actions caused no prejudice to Silva was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts.  Silva's objection is **OVERRULED** and the claim is **DENIED**.

Next is Silva's claim that his counsel was ineffective for failing to call his common law wife to testify in his defense.  According to Silva, she would have testified that she was always at home (and presumably would have witnessed any misconduct had it occurred), that in all events the children would have alerted her if something was wrong, and that Silva had a good relationship with his accusers until they grew older and confrontational and resented his discipline.  (Pet. at 12.)  This claim is meritless, and the Court **DENIES** it.  The record in this case shows that Silva's wife communicated with one of his accusers outside of the trial courtroom, possibly to try to shape her testimony or to dissuade her from testifying altogether.   This led Silva's counsel to second-guess calling her, because the communication with the niece accuser would have been admissible to establish the wife's motive and bias as a witness.  This is precisely the kind of defensible strategic decision that is virtually unchallengeable under *Strickland*.  *See Strickland*, 466 U.S. at 690–91; *Murray v. Schriro*, 745 F.3d 984, 1011 (9th Cir. 2014); *Hein v. Sullivan*, 601 F.3d 897, 918 (9th Cir. 2010).  The state court's rejection of this claim was not contrary to clearly established federal law, nor does it reflect an unreasonable determination of the facts.  The claim is **DENIED**; Silva's objection is **OVERRULED**.

The Court reaches the exact same conclusion with respect to Silva's claim that his counsel was ineffective for not introducing an email thread between his wife's daughter and her husband that, in his analysis, revealed a plot to falsely accuse him.  The record shows that there was a legitimate question about the admissibility of the emails and the manner in which they were obtained, and that the substance of the emails was brought out during trial anyway.  The decision not to introduce them was a strategic one, and can't be the basis of a *Strickland* ineffectiveness claim.  The state court's rejection of that claim on the ground Silva wasn't prejudiced by the alleged misconduct of his lawyer was not contrary to clearly established law or an unreasonable determination of the facts.  It is **DENIED**.  Silva's objection is **OVERRULED**.

Silva's final claim, for prosecutorial misconduct, is that the prosecution told his counsel that his wife would be incarcerated if she testified, allegedly in retaliation for her

communication with one of Silva's accusers outside of court. Silva claims this had the effect of intimidating his counsel into not calling his wife. The R&R is right. "It is evident from the record that the decision whether to call Ms. Romo rested with defense counsel." (R&R at 11.) Indeed, the prosecution, as the R&R explains, had its own reasons for *wanting* Silva's wife to testify. There is no evidence for Silva's claim of prosecutorial misconduct beyond his own self-serving declaration, which the R&R explains cannot give rise to a claim for habeas relief. *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002). The state court's conclusion that Silva failed to state a claim of prosecutorial misconduct was no violation of clearly established federal law, nor was it an unreasonable determination of the facts. The claim is **DENIED**, and Silva's objection to the R&R is **OVERRULED**.

The Court **ADOPTS** the R&R in its entirety. Silva's objections to it are **OVERRULED**, and all of his claims are **DENIED**. The Court denies him a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED**.

DATED:  September 12, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge